UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| GREGORY ALEXANDER WELCH, DENITRIUS SANDERS, and DENNIS COBB,<br><br>Plaintiffs,<br><br>v.<br><br>MCF-OAK PARK ADMINISTRATION, Warden JESSICA SYMMES, Program Director LCIE STEVENSON, and MCF-OAK PARK HEIGHTS LPN'S ET AL.,<br><br>Defendants. | Civil No. 08-4755 (ADM/FLN)<br><br><br><br>**REPORT AND RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on the application of Plaintiff Gregory Alexander Welch for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a). (Docket No. 3.) A co-Plaintiff named Dennis Cobb has filed a separate IFP application, (Docket No. 7), which is also pending at this time. This case has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiffs' pending IFP applications be denied, and that this case be dismissed without prejudice.

The three named Plaintiffs in this case are inmates at the Minnesota Correctional Facility at Oak Park Heights, Minnesota. They commenced this action by filing a complaint seeking relief for alleged violations of their federal constitutional rights. (Docket No. 1.) Plaintiffs did not pay the $350 filing fee required by 28 U.S.C. § 1914(a) when they commenced this action, but the Clerk of Court nevertheless filed their complaint, because

it was accompanied by Plaintiff Welch's IFP application.

The Court previously examined Plaintiffs' initial submissions in this matter, (i.e., their joint complaint, and Plaintiff Welch's IFP application), and determined that this case could not proceed unless two specific requirements were satisfied. The Court first found that Plaintiffs would have to either (a) tender the full $350 filing fee for this action, or (b) each submit his own separate, properly completed, application for leave to proceed in forma pauperis, as well as the correct amount of his own initial partial filing fee, as prescribed by 28 U.S.C. § 1915(b)(1). The Court further found that Plaintiffs would have to file an amended complaint bearing the original signature of each named Plaintiff. These two requirements were set forth in the Court's prior order of July 28, 2008. (Docket No. 4.) That order also apprised Plaintiffs that if they did not fully satisfy both of the requirements imposed by the Court's order within twenty days, (i.e., by no later than August 18, 2008), they would be deemed to have abandoned this action, and it would be recommended that the case be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

The deadline for complying with the Court's prior order has now passed, and Plaintiffs have failed to satisfy the requirements of that order. Two of the named Plaintiffs, Dennis Cobb and Denitrius Sanders, have indicated that they are no longer interested in pursuing this lawsuit.[1] Plaintiff Gregory Alexander Welch has filed an amended complaint,

---

[1] Although Plaintiff Dennis Cobb recently filed an IFP application, (Docket No. 7), he also filed two other documents with his IFP application, (Docket Nos. 6 and 8), which clearly show that he does not want to be a party to this lawsuit. Indeed, it appears that Cobb never wanted to be a party to this lawsuit, and, in fact, he was not even aware that this lawsuit had been filed until he received a copy of the Court's order of July 28, 2008. Denitrius Sanders has filed a letter with the Court, (Docket No. 10), in which he too states that he "want[s] nothing to do with this." If Plaintiff Gregory Alexander Welch attempted to join Dennis Cobb and Denitrius Sanders as co-Plaintiffs in this action without their

solely for himself. (Docket No. 10.) However, Welch has not paid his initial partial filing fee, as required by the Court's prior order of July 28, 2008.

Thus, two of the named Plaintiffs, Cobb and Sanders, have asked to be dismissed out of this case, and the third Plaintiff, Welch, has failed to comply with the Court's prior order by failing to pay his initial partial filing fee. Because Welch has not complied with the prior order, (and his co-Plaintiffs have asked to withdraw from this case), it is now recommended, in accordance with the prior order, that this action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). See In re Smith, 114 F.3d 1247, 1251 (D.C.Cir. 1997) (failure to pay initial partial filing fee required by § 1915(b)(1) "may result in dismissal of a prisoner's action"); Amick v. Ashlock, No. 04-1171 (8th Cir. 2004), 2004 WL 2603590 (unpublished opinion) (prisoner action can properly be dismissed where prisoner fails to pay initial partial filing fee as ordered); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (federal court has inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases"); Henderson v. Renaissance Grand Hotel, No. 07-1426, (8th Cir. 2008), 2008 WL 540172, (unpublished opinion) at *1 ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order").[2]

---

knowledge or permission, (as their submissions clearly suggest), then Welch has committed a serious fraud against Cobb, Sanders, and the Court, which could affect his right to file future lawsuits in this District.

[2] If this action is dismissed without prejudice, as the Court is now recommending, Plaintiff Gregory Alexander Welch will be able to re-file his latest pleading, (Docket No. 10), as a new complaint that initiates a new action. If he elects to do that, he will, of course, have to satisfy the filing fee requirements of 28 U.S.C. §§ 1914(a) and 1915(b). (This means that if he applies for IFP status, he will have to pay an initial partial filing fee – which he has failed to do in the present case.) Furthermore, if Plaintiff commences a new action,

RECOMMENDATION

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff Gregory Alexander Welch's application for leave to proceed <u>in forma pauperis</u>, (Docket No. 3), be **DENIED**;

2. Plaintiff Dennis Cobb's application for leave to proceed <u>in forma pauperis</u>, (Docket No. 7), be **DENIED**; and

3. This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: August  26, 2008

                                             s/ *Franklin L. Noel*
                                             FRANKLIN L. NOEL
                                             United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **September 15, 2008**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.

---

(and satisfies the applicable fee requirements for that action), his pleading will be subject to the screening requirements prescribed by 28 U.S.C. § 1915A. The Court notes that Plaintiff's latest pleading, (Docket No. 10), would most likely <u>not</u> survive § 1915A screening, because it does not appear to state a cause of action on which relief can be granted. (The Eighth Amendment does <u>not</u> give prisoners a constitutional right to buy certain brands of soap and deodorant, as Plaintiff alleges in his latest pleading.) Plaintiff should carefully consider these observations before he commits himself to spending $350.00 to bring another lawsuit.